UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIN JUSTICE,

Plaintiff,

v.

JOSEPH SCHMIDT,

Defendant.

Case No. 1:26-cv-1154

Honorable Hala Y. Jarbou

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 2); however, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] Accordingly, for the reasons set forth below, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule

---

corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Justice v. Beaumont et al.*, No. 1:22-cv-1179 (W.D. Mich. Jan 18, 2023); *Justice v. Simon*, No. 2:22-cv-11526 (E.D. Mich. July 12, 2022); *Justice v. Simon*, No. 1:22-cv-358 (W.D. Mich. May 18, 2022). All of Plaintiff's dismissals were entered after enactment of the PLRA on April 26, 1996. And, all of the dismissals constitute "strikes" under the standard articulated by the Sixth Circuit in *Crump v. Blue*, 121 F.4th 1108 (6th Cir. 2024). *See also Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007). In addition, Plaintiff has been denied leave to proceed *in forma pauperis* under the three strikes rule in at least two previous cases. *See Justice v. Schmidt*, No. 1:24-cv-42 (W.D. Mich. Feb. 29, 2024); *Justice v. Mitchell et al.*, No. 1:24-cv-2 (W.D. Mich. Jan. 19, 2024).

Moreover, in this action, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). Plaintiff's complaint concerns events that took place on January 18, 2023, when he was still incarcerated at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County, Michigan. Plaintiff contends that Defendant Correctional Officer Joseph Schmidt violated Plaintiff's constitutional rights by ordering Plaintiff to remove his kufi before entering the chow hall.[2] Plaintiff alleges that

[2] The instant matter is at least the second case Plaintiff has initiated regarding this interaction with Defendant Schmidt. Plaintiff previously filed a lawsuit regarding an interaction with Defendant Schmidt in January 2023. *Justice v. Schmidt*, No. 1:24-cv-42, (W.D. Mich.). In that case, Plaintiff alleged that on January 18, 2023, Correctional Officer "Unknown Schmidt" ordered Plaintiff to remove his Kufi before entering the chow hall. Compl., *Justice*, (W.D. Mich. Jan. 16, 2024), (ECF

Defendant Schmidt also wrote Plaintiff a "false misconduct ticket" for disobeying a direct order. Plaintiff does not allege any facts that would plausibly suggest that he is presently in imminent danger of any serious physical injury, especially considering he was incarcerated at the Thumb Correctional Facility at the time that he filed this action, and he remains incarcerated there.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

**<u>Conclusion</u>**

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[3]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing

---

No. 1, PageID.5–6.) In that case, the Court determined that Plaintiff's complaint did not fall within the imminent danger exception to the three-strikes rule. Op. and J., *Justice*, (W.D. Mich. Feb. 29, 2024), (ECF Nos. 5, 7). Therefore, the Court denied Plaintiff's request for leave to proceed *in forma pauperis* and dismissed Plaintiff's complaint. *Id.*

[3] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.

fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated: September 18, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE